UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESKAN AGENCY, LLC, a Kansas limited liability company,<br><br>        Plaintiff,<br><br>        v.<br><br>CGB DIVERSIFIED SERVICES, INC. dba DIVERSIFIED CROP INSURANCE SERVICES, a Louisiana Corporation; and CROP USA INSURANCE AGENCY, INC., an Idaho corporation<br><br>        Defendants. | Case No. 2:18-cv-00356-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Weskan Agency, LLC's ("Weskan") Motion to Remand. Dkt. 13. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court finds good cause to GRANT the motion (Dkt. 13) and remand this case to state court. As a result, all other motions currently pending before the Court (Dkt. 4; Dkt. 30) are DISMISSED as MOOT.

## II. BACKGROUND

*A. Factual Background*

Weskan is a Kansas limited liability company with its primary place of business in Lewiston, Idaho. Through its agents, Weskan solicited, procured, and submitted crop insurance applications for farmers in the state of Kansas.

Defendant CGB Diversified Services, Inc ("Diversified") is a Louisiana corporation that underwrites, sells, and adjusts crop insurance policies. Defendant Crop USA Insurance Agency, Inc. ("Crop USA") is a crop insurance company incorporated in Idaho with its primary place of business in Lewiston, Idaho.

In July 2011, Diversified entered a sales agent-company agreement with Crop USA (Crop USA-Diversified Agency Agreement) (hereinafter "CDAA"). Pursuant to this agreement, Crop USA acted as a general agent for Diversified, managed policy premiums, and received payments derived from policies underwritten by Diversified. In return, Diversified agreed to pay Crop USA commissions based upon a portion of the premiums it collected.

In September 2010, Crop USA entered into an independent agent contract with Weskan (Crop-Weskan Agreement) (hereinafter "CWA"). Under the CWA, Weskan agreed to solicit, procure, and submit applications for insurance coverage. In return, Crop USA agreed to pay Weskan commissions from Crop USA's own commissions received from Diversified, after subtracting Crop USA's administrative fee for those sales.

Under the CWA, Weskan solicited and sold crop insurance policies for crop year 2013, earning commissions in the amount of $137,773.64. However, Weskan never received these commissions from Crop USA. This failure stemmed from Diversified's failure to pay Crop USA its commissions for crop year 2013 (in an amount exceeding $137,773.64). As noted, Crop USA's commission payments to Weskan were derived from the commission payments that Crop USA received from Diversified.

In 2014, Diversified cancelled the CDAA. However, it maintained its affiliation and commission structure with Weskan. Weskan continued to solicit and sell insurance policies for crop year 2014 (earning $136,379.89 in commissions), but, once again, did not receive commission payments from Diversified.

On July 11, 2018, Weskan filed its Complaint against Diversified and Crop USA in the District Court for the Second Judicial District of Idaho, Nez Perce County. The complaint alleges state law claims against Crop USA and Diversified. As against Crop USA, Weskan alleges Breach of Contract (Count I), Breach of Covenant of Good Faith and Fair Dealing (Count III), Accounting (Count IV), and Unjust Enrichment (Count V). As against Diversified, Weskan alleges Breach of Contact (Count II), Brach of the Convenant of Good Faith and Fair Dealing (Count III), Accounting (Count IV), Unjust Enrichment (Count V), and Constructive Trust (Count VI).

B. *Procedural Background*

On August 13, 2018, Diversified removed this action to federal court. Diversified contends that removal is proper because complete diversity exists between the *actual*

parties in this case. Although Weskan's Complaint names a non-diverse defendant (Crop USA) Diversified alleges that Weskan's sole purpose for including Crop USA as a party was to improperly or fraudulently prevent diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, Diversified asks the Court to disregard Crop USA's citizenship for purposes of determining whether complete diversity exists.

Weskan filed a Motion to Remand this case back to state court on August 20, 2018. Dkt. 13. Weskan argues that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because Crop USA and Weskan are both Idaho Citizens and Weskan did not name Crop USA fraudulently or improperly.

### III. LEGAL STANDARD

In deciding a motion to remand, the Court looks to whether the case was properly removed to federal court in the first place. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984). "Because of the 'Congressional purpose to restrict the jurisdiction of the federal courts on removal,' . . . federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Steutzle*, 76 F3d 1480, 1485 (9th Cir. 1996) (citations omitted). This "strong presumption against removal means that the defendant always has the burden of establishing that removal is proper." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Removal of a lawsuit based upon diversity of citizenship ordinarily requires complete diversity of citizenship. However, an exception to the complete diversity requirement exists where a non-diverse defendant has been fraudulently joined. *Morris v.*

*Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

In assessing removability, courts typically look only to the plaintiff's pleadings. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), cert denied 525 U.S. 963 (1998). But where fraudulent joinder is claimed, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The burden of proof is high: "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2nd Cir. 1998)).

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on *any* theory." *Id.* (citation and punctuation omitted) (emphasis added). "But if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (citations and punctuation omitted).

"A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against

finding fraudulent joinder." *Id.* (citations and punctuation omitted).

In sum, if the facts alleged in Weskan's Complaint, taken as true and drawing all inferences in Weskan's favor, can possibly state a claim under Idaho law against Crop USA, there is no fraudulent joinder and the case must be remanded to state court. *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993 (D. Nev. Feb. 23, 2005) ("[A] plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge.).

## IV. DISCUSSION

Diversified raises two theories in an attempt to justify federal jurisdiction. First, is the doctrine of fraudulent joinder. Second is fraudulent misjoinder. The Court considers each theory in turn.

### A. Fraudulent Joinder

As noted above, one way to establish fraudulent joinder is to show that the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *See Hunter*, 582 F.3d at 1044. Diversified argues that is the case here because the same person, John Taylor, controls and can unilaterally settle any legal dispute between Weskan and Crop USA. In support of this argument, Diversified cites deposition testimony given by Mr. Taylor in 2013 and 2014 during a prior lawsuit. In his 2013 testimony, Mr. Taylor stated that he "own[ed] the majority of [Weskan]." Dkt. 20, at 6-7. In 2014, he stated that he was the president and treasurer of Crop USA. *Id.* at 6. As a result, Diverified claims Weskan cannot establish a cause of action against Crop USA in Idaho state court because no justiciable case or controversy can exist between

organizations controlled by the same person.

The Court finds this argument problematic for two reasons. First, Diversified's fraudulent joinder allegation relies solely on Mr. Taylor's deposition testimony provided in 2013 and 2014 during an unrelated lawsuit. Taylor's testimony that he was President and Treasurer of Crop USA identifies his positions within the corporation, but it does not demonstrate his level of control within the company. The record does not refer to any organizational documents such as shareholder agreements, bylaws, or operating agreements that would define Mr. Taylor's control in each organization. Although both parties direct the Court to conflicting state and federal rules presuming a corporate officer's level of control, the Court cannot apply the rules without first examining the organizational documents.

Additionally, the relevant provisions of the Idaho Code do not support the speculative argument that Mr. Taylor has sufficient control over Crop USA (an Idaho corporation) to unilaterally settle its dispute with Weskan. In Idaho, the board of directors, not a corporate officer, generally possesses "[a]ll corporate powers" and responsibilities over the "business and affairs of the corporation." I.C. § 30-29-801. Further, a corporate officer's authority derives from the corporation's bylaws and duties prescribed by the board of directors. I.C. § 30-29-841. Thus, under Idaho law, Mr. Taylor's position as President and treasurer does not automatically grant him unilateral control to settle legal disputes between Weskan and Crop USA under Idaho law.

Similarly, Mr. Taylor's testimony in 2014 does not clearly establish his level of control over Weskan. The Court does not know whether Weskan is member-managed or

manager-managed LLC; how many members and/or managers there are; or whether an operating agreement exists. Any combination of answers to these questions affects who can control an LLC. Thus, the Court is unable to determine whether Mr. Taylor could unilaterally settle lawsuits on behalf of Weskan in 2014, let alone today.

Even if the Court were to assume, *arguendo*, that Mr. Taylor was able to unilaterally settle legal disputes between Crop USA and Diversified in 2013 and 2014, the Court is still uncertain whether Mr. Taylor retains this level of control today. Diversified attempts to shift the burden of proving that Mr. Taylor does not control both companies to Weskan. However, for purposes of this motion, Diversified carries the burden of establishing Mr. Taylor's ownership, and without more evidence, the Court cannot conclude whether Mr. Taylor has sufficient control over both companies to unilaterally settle disputes between them.

Simply put, Diversified has not adequately demonstrated that Weskan is unable to establish a valid claim against Crop USA under Idaho law. As such, remand is proper. *See Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.")).

B. *Fraudulent Misjoinder*

Diversified also alleges that Weskan fraudulently misjoined Crop USA to this lawsuit because Weskan's claims against Diversified are separate and apart from Weskan's claims against Crop USA. Thus, Diversified urges the Court to adopt the

doctrine of fraudulent misjoinder set forth in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996).

"The Ninth Circuit has neither adopted nor rejected *Tapscott*." *Hampton v. Holper*, 319 F. Supp. 3d 1204, 1210 (D. Nev. 2018) (adopted by *Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204 (D. Nev. 2018)). Although "a few decisions from within the Ninth Circuit have adopted the fraudulent misjoinder doctrine established in *Tapscott*," *Holper*, 319 F. Supp. 3d at 1210, "the vast majority of district court cases within the Ninth Circuit have refused to apply the doctrine." *Id.* (quoting *Stone–Jusas v. Wal–Mart Stores, Inc.*, Case No. 2:14-cv-00669-JCM-NJK, 2014 WL 5341686, at *3 (D. Nev. Oct. 20, 2014)). Thus, "district courts within the Ninth Circuit have repeatedly and consistently pooh-poohed the doctrine." *Id.*

"The reasons against [adopting] the [fraudulent misjoinder] doctrine are many and persuasive." *Holper*, 319 F. Supp. 3d at 1211 (quoting *Thee Sombrero, Inc. v. Murphy*, No. EDCV15001004VAPSPX, 2015 WL 4399631, at *4 (C.D. Cal. July 17, 2015)). For example, "the fraudulent misjoinder doctrine runs afoul of the well-settled rule that federal jurisdiction is to be construed narrowly, that the fraudulent misjoinder doctrine creates an unpredictable and complex rule, and that questions of joinder under state law do not implicate federal subject matter jurisdiction. *Id.* (citing *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 621-22 (8th Cir. 2010)).

There is a "strong presumption against removal jurisdiction" and federal courts reject invocation of such jurisdiction "if there is any doubt as to the right of removal in the first instance." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"Fraudulent misjoinder flips this maxim on its head by making cases removable that by § 1441's plain terms should not be, effectively increasing the jurisdiction of federal courts beyond what the rules envision." *Id.* (quoting *Early v. Northrop Grumman Corp.*, No. 2:13-CV-3130-ODW MRW, 2013 WL 3872218, at *3 (C.D. Cal. July 24, 2013)). As such, adopting the fraudulent misjoinder doctrine is an improper expansion of federal subject matter jurisdiction without legislative authorization. *See Thee Sombrero*, 2015 WL 4399631, at *4.

Additionally, the fraudulent misjoinder doctrine requires a federal court to act when the court admittedly has no jurisdiction over the case. *Id.* Indeed, the doctrine is logically circular "in that it requires the Court first—in full recognition of the lack of diversity jurisdiction—sever part of the case and only then find it has jurisdiction." *Id.* (quoting *Perry v. Luu*, Case No. 1:13-cv-00729-AWI-JLT, 2013 WL 3354446, at *5 (E.D. Cal. July 3, 2013)). "However, the authority to sever misjoined claims or defendants under Rule 20 presumes the Court has jurisdiction to act." *Id.* Thus, "[n]umerous courts have found that the better approach is to require the defendant to challenge the claimed misjoinder in state court and, if that court severs the claims and diversity exists, to then seek removal to federal court." *Id.* at 1211-12 (citing *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1127 (E.D. Cal. 2004)).

For these reasons, the Court declines to apply Diversified's proposed fraudulent misjoinder theory. Diversified, as the removing party, bears a heavy burden of persuasion to justify removal, and if there is any doubt as to whether removal was proper in the first place, remand is required. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Here, Diversified has failed to meet this burden. The Court, therefore, GRANTS Weskan's Motion to Remand.

## V. ORDER

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Remand (Dkt. 13) is **GRANTED**. This action is remanded to the Second Judicial District of the State of Idaho, Nez Perce County, and the Clerk is directed to take the steps necessary to effectuate that remand.

2. All other motions currently pending is this case (Dkt. 4; Dkt. 30) are **DISMISSED** as **MOOT**.

DATED: March 31, 2019

David C. Nye
Chief U.S. District Court Judge